OPINION
Defendant-appellant, Ralph Hacker, appeals the decision of the Butler County Court of Common Pleas denying his motion to suppress evidence in a driving under the influence case. We affirm the decision of the trial court.
On October 1, 1999, Butler County Deputy Sheriff Dennis Schiavone was travelling east on High Street in Hamilton. He heard screaming from a car that was passing his cruiser and travelling west on High Street. Deputy Schiavone observed the car pull into the parking lot of a Walgreen's drugstore. After making a U-turn, Deputy Schiavone radioed the dispatcher that he had a "rolling domestic" and requested backup.
Deputy Schiavone pulled into the Walgreen's parking lot and parked his cruiser. He then activated his cruiser's overhead lights "as [appellant] exited his vehicle." Deputy Schiavone exited his cruiser and stood between appellant's car and the entrance to Walgreen's. Deputy Schiavone noticed that appellant staggered while approaching the store. When appellant reached Deputy Schiavone, Deputy Schiavone put up his hands, signaling for appellant to stop. Deputy Schiavone then smelled alcohol on appellant and noticed he had bloodshot eyes. Appellant stated that he had been up all day, and, when asked, that he had consumed three beers.
After checking on a passenger in appellant's car and discovering that no physical altercation had taken place, Deputy Schiavone returned to appellant and administered several sobriety tests. Appellant failed these tests. Deputy Schiavone subsequently placed appellant under arrest for driving under the influence of alcohol.
In December 1999, appellant was indicted for driving under the influence of alcohol — fourth offense, in violation of R.C.4511.19(A)(1), and driving under suspension in violation of R.C. 4507.02. Appellant filed a motion to suppress. The trial court held a hearing on the motion in May 2000. After hearing testimony from Deputy Schiavone and argument from counsel, the trial court denied appellant's motion. The trial court found that Deputy Schiavone had made a proper investigatory stop. In its entry, the trial court stated that Deputy Schiavone "had articulable and reasonable suspicion that [appellant] was engaged in operating his vehicle in violation of the law."
In October 2000, appellant entered a plea of no contest to the charges contained in the indictment. In November 2000, the trial court sentenced appellant to concurrent sentences of twelve months for the driving under the influence — fourth offense conviction, and six months for the driving under suspension conviction. The trial court granted a stay of appellant's jail sentence pending this appeal, in which appellant assigns one error:
 THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANT-APPELLANT WHEN IT OVERRULED HIS MOTION TO SUPPRESS.
Under this assignment of error, appellant argues that Deputy Schiavone did not have reasonable suspicion to make an investigatory stop of appellant. Thus, appellant contends, any evidence obtained as a result of the stop should be suppressed.
In reviewing a trial court's decision on a motion to suppress, an appellate court must accept the trial court's factual findings, if they are supported by competent, credible evidence. State v. Anderson (1995),100 Ohio App.3d 688, 691. However, an appellate court independently determines, without deference to the trial court, whether the trial court applied the appropriate legal standard to the facts. Id.
The Fourth Amendment to the United States Constitution protects individuals from unreasonable searches and seizures. United States v.Hensley (1985), 469 U.S. 221, 226, 105 S.Ct. 675. In order to satisfy the requirement that all seizures be reasonable, investigatory stops must be supported by a reasonable and articulable suspicion that the person seized is engaged in criminal activity. Reid v. Georgia (1980),448 U.S. 438, 440, 100 S.Ct. 2752; Maumee v. Weisner, 87 Ohio St.3d 295,299, 1999-Ohio-68.
Not every personal encounter between law enforcement officials and citizens is a "seizure" that implicates the Fourth Amendment's guarantees. Florida v. Bostick (1991), 501 U.S. 429, 434,111 S.Ct. 2382. A person is "seized" within the meaning of the Fourth Amendment only when the person's freedom of movement is restrained by physical force or a show of authority. United States v. Mendenhall (1980),446 U.S. 544, 553, 100 S.Ct. 1870. The inquiry used to determine whether a particular encounter is a seizure is whether, taking into account all the surrounding circumstances, a reasonable person would feel free to terminate the encounter. Bostick at 436-37, 111 S.Ct. 2382.
In this case, Deputy Schiavone did not make a traffic stop. Deputy Schiavone testified at the suppression hearing that he did not activate his cruiser's overhead lights until after appellant had parked and was exiting his car in the Walgreen's parking lot. Even after Deputy Schiavone activated his cruiser's overhead lights, a stop had not yet occurred. As this court has held, a police officer does not necessarily seize the occupants of a parked vehicle through the activation of a police cruiser's overhead lights. State v. Brown (Dec. 10, 2001), Clermont App. No. CA2001-04-047; State v. Lunce (May 21, 2001), Butler App. No. CA2000-10-209. Even after Deputy Schiavone activated his cruiser's overhead lights, we cannot say that appellant was "restrained by physical force or a show of authority" as he walked toward the Walgreen's entrance. See Mendenhall, 446 U.S. at 553, 100 S.Ct. 1870.
Deputy Schiavone, who positioned himself at the entrance to Walgreen's, observed appellant staggering as he approached the store. When appellant reached him, Deputy Schiavone raised his hands, signaling for appellant to stop. At that point, with his hands raised and his cruiser's overhead lights activated, Deputy Schiavone effectuated an investigatory stop because a reasonable person in appellant's position would not have felt free to terminate the encounter. See Bostick,501 U.S. at 436-37, 111 S.Ct. 2382.
However, at that point, Deputy Schiavone had the required reasonable suspicion to effectuate the stop and further investigate. In addition to hearing screams from appellant's car, which Deputy Schiavone interpreted as a sign of a possible domestic dispute, Deputy Schiavone observed appellant staggering toward the entrance of Walgreen's immediately after exiting his vehicle. At that point, Deputy Schiavone had reasonable suspicion that appellant had committed the offense of driving under the influence of alcohol.
Thus, Deputy Schiavone had reasonable suspicion to stop appellant as he staggered toward the entrance of Walgreen's immediately after exiting his car. Therefore, the trial court properly denied appellant's motion to suppress evidence. Accordingly, appellant's sole assignment of error is overruled.
Judgment affirmed.
YOUNG and VALEN, JJ., concur.